IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VILIAMI LOUMOLI,<br><br>        Plaintiff,<br><br>    v.<br><br>JON D. WILLIAMS et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND**<br>**DISMISSAL ORDER**<br><br>Case No. 2:11-CV-570 DB<br><br>District Judge Dee Benson |

Plaintiff, Viliami Loumoli, an inmate at Salt Lakc County Adult Detention Center, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2012), proceeding *in forma pauperis*. *See* 28 *id.* § 1915.  His complaint is now before the Court for screening. *See id.* § 1915(e).

### Screening Analysis

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant.  *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail

on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id*. at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## B. Plaintiff's Allegations

Plaintiff's Complaint alleges ineffective-assistance-of-counsel and malpractice claims against Jon D. Williams and Legal Defender Association, his public defender in his state criminal case.  He requests damages and money to pay for effective counsel.

2

## C. Improper Defendants

To establish a cause of action under § 1983, Plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law (without immunity).  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

The Complaint names defendants based on their role as Plaintiff's public defender.  "However, the Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"  *Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).  Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'"  *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).  Further, any claims of ineffective assistance of counsel should be brought either on direct appeal in Plaintiff's criminal case or on habeas corpus

3

review.  Thus, Plaintiff's claims against Defendants Jon D. Williams and Legal Defender Association may not proceed here.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2012), for failure to state a claim on which relief may be granted.  And, neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

DATED this 17th day of April, 2012.

BY THE COURT:

_____
DEE BENSON
United States District Judge